The protest is overruled and judgment is entered accordingly.

(C.D. 3247)

CRAGSTAN INDUSTRIES, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided January 11, 1968)

*Allerton deC. Tompkins* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges

BECKWORTH, Judge: The protests enumerated in schedule "A", hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed MEK by Commodity Specialist Murrel E. Kelso on the invoices accompanying the entries covered by the protests listed in the Schedule A below, which were classified under Item 737.90 of the Tariff Schedules of the United States, consist of game machines having mechanical controls for manipulating the action. Plaintiff limits its protest to the claim for classification under Item 734.20 of said Tariff Schedules.

The protests listed in the below Schedule A are submitted on this stipulation.

[4] *S. S. Kresge Co.* v. *United States*, 25 Cust. Ct. 89, C.D. 1269 (1950), on which plaintiff places heavy emphasis, is clearly distinguishable. In that case, it was held that certain artistically molded, delicate and fragile, and beautifully decorated figures which were frequently sold in pairs and used in conjunction with other figures were not "dolls" within the common meaning of the term, first, because they were not similar to a child's puppet but rather were properly embraced within the definition of the words "figurines," "statuettes" and "images," and second, because there was no showing that the articles were invoiced, bought and sold as "dolls" or were so known to the trade. Similarly distinguishable is *M. Pressner & Co.* v. *United States, supra,* 24 Cust. Ct. 77, in which the court held that certain celluloid figures of miniature men carrying a football were not dolls on the ground (1) that there was nothing in the record to establish a commercial designation of such figures as "dolls"; and (2) the figures were worn as badges or insignias and not as ornaments and thus were not "similar figures for play or ornament." See also *M. Pressner & Co.* v. *United States, supra,* 7 Cust. Ct. 106.

This undisputed statement of the facts is sufficient to remove the present merchandise from the classification given by the collector and to establish the proper classification, as claimed by the plaintiff, to be under item 734.20 of the Tariff Schedules of the United States as game machines having mechanical controls for manipulating the action and dutiable thereunder at the rate of 11.5 per centum ad valorem.

To the extent indicated the protests are sustained and judgment will be rendered accordingly.